# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL FORTUNA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09 C 3280 |
| ) | Judge Ruben Castillo |
| ILLINOIS SPORTS FACILITIES AUTHORITY, ) | |
| MAJOR LEAGUE BASEBALL, Individually and ) | |
| d/b/a CHISOX CORPORATION, ) | |
| SDI SECURITY, INC., ) | |
| ILLINOIS SPORTSERVICE, INC., ) | |
| AT YOUR SERVICE, INC., and ) | |
| STEPHEN MORANDI, ) | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael Fortuna ("Fortuna") originally filed this negligence and dram shop action against Illinois Sports Facilities Authority, Major League Baseball, The Chisox Corporation ("Chisox"), SDI Security, Inc. ("SDI"), Illinois Sportservice, Inc. ("Sportservice"), At Your Service, Inc. ("At Your Service"), and Stephen Morandi ("Morandi") (collectively "Defendants") in the Circuit Court of Cook County. (R. 7-2, Pl.'s Compl.) This suit was subsequently removed to federal court pursuant 28 U.S.C. § 1441(c). (R.1, Not. of Removal.) Presently before the Court is Fortuna's motion to sever his claims against Defendants and remand them to state court. (R. 7, Pl.'s Mot. to Sever and Remand.)

## RELEVANT FACTS[1]

On August 5, 2005, Fortuna attended a Chicago White Sox baseball game at U.S. Cellular

---

[1] Courts may look outside the complaint when considering a motion to remand, and the removability of a case is determined from the record as a whole. *See Harmon v. OKI Sys.*, 115 F.3d 477, 479-80 (7th Cir. 1997).

Field in Chicago, Illinois. (R. 7-2, Pl.'s Compl. ¶¶ 1-7.) During the game, Fortuna decided to visit the ballpark's concession stand. (*Id.* ¶ 9.) While in the vicinity of the concession stand, Fortuna encountered Morandi. (*Id.*) Fortuna alleges that while standing near the concession area at U.S. Cellular Field, Morandi, "without cause or provocation," punched him in the face. (*Id.* ¶ 10.) Morandi admits to punching Fortuna twice, but alleges he did so in self-defense. (R. 1-2, Def.'s Countercl. ¶ 16.) After this initial altercation, Morandi avers that Fortuna's friends, Thomas Culhane ("Culhane"), Ignatius Goetz ("Goetz"), and Eugene McNulty ("McNulty") (collectively "Cross-Defendants") tackled and repeatedly beat him until ballpark security arrived. (*Id.* ¶ 17.) At the time of this incident, Fortuna and the Cross-Defendants are alleged to have been members of the Oak Lawn Police Department; none were on duty while at the baseball game. (*Id.* ¶¶ 3-6.)

## PROCEDURAL HISTORY

On March 7, 2006, Fortuna filed a complaint against the Defendants in the Circuit Court of Cook County. (R. 7-2, Pl.'s Compl.) In his complaint, he alleges that Illinois Sports Facilities Authority, Major League Baseball, Chisox, SDI, At Your Service, and Morandi were negligent and, as a result, caused injuries he claims to have suffered on August 5, 2005. (*Id.*) Fortuna also alleges that Sportservice and At Your Service violated the Illinois Dram Shop Act, 235 Ill. Comp. Stat. 5/6-21, by serving Morandi alcoholic beverages. (*Id.*)

On April 16, 2009, Morandi filed an assault and negligence counterclaim against Fortuna in the Circuit Court of Cook County. (R. 1-2, Def.'s Countercl.) His filing also contained a negligence and a federal civil rights cause of action under 42 U.S.C. § 1983 ("Section 1983")

against Cross-Defendants.[2] (*Id.*) Based on the allegations against them, Cross-Defendants subsequently removed the entire case to the United States District Court for the Northern District of Illinois pursuant 28 U.S.C. § 1441(c) ("Section 1441(c)"). (R.1, Not. of Removal.)

Presently before the Court is Fortuna's motion to sever and remand his negligence and dram shop claims to the Circuit Court of Cook County. (R. 7, Pl.'s Mot. to Sever and Remand.) In his motion, Fortuna argues that his state law claims should be severed from the federal issues in the cross-complaint because those issues are "separate and independent" from his state law claims.[3] (*Id.* ¶ 2.) Further, he contends that his state law claims should be remanded "to give the state court the authority to interpret the application of its own laws, to potentially resolve any unsettled questions concerning those laws, and to resume its ongoing management of this case." (*Id.* ¶ 9.)

## LEGAL STANDARD

A defendant may remove a case to federal court under Section 1441(c) whenever a "separate and independent" claim conferring federal question jurisdiction under 28 U.S.C. § 1331 ("Section 1331") is joined with an otherwise non-removable claim. 28 U.S.C. § 1441(c). A

---

[2] Contrary to the parties' statements otherwise, Morandi's filing is properly characterized as a counterclaim against Fortuna and a cross-complaint against Culhane, Goetz, and McNulty. A counterclaim is a "claim for relief asserted against an opposing party after an original claim has been made." Black's Law Dictionary 376 (8th ed. 2004). A cross-complaint, on the other hand, is a "claim asserted by a defendant against a person not a party to the action for a matter relating to the subject of the action." *Id.* at 404. For ease of reference, the Court will refer to Morandi's filing as the cross-complaint.

[3] Fortuna's motion also requests a clarification of the Court's June 1, 2009 Order. On June 1, 2009, Fortuna's state court complaint was dismissed without prejudice pursuant to this Court's normal removal practice. (R. 4, Minute Order.) As with any removal proceeding, after dismissal of the original state court complaint, the Court then required Fortuna to either file a timely motion to remand or a properly amended federal complaint. (*Id.*) Morandi's claims were not resolved by the Court's order.

3

federal claim is not "separate and independent" if it "arises from the same loss or actionable wrong" as the nonremovable claim. *Lewis v. Louisville & Nashville R.R. Co.*, 758 F.2d 219, 221 (7th Cir. 1985). The party seeking removal bears the burden of establishing federal jurisdiction. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). The Court must interpret the removal statute narrowly, and any doubts regarding jurisdiction are resolved in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). If the Court finds removal proper under Section 1441(c), it may either determine all the issues in the removed case, or, in its discretion, remand all matters in which state law predominates. 28 U.S.C. § 1441(c).[4]

## ANALYSIS

In determining the propriety of removal under Section 1441(c), the Court must first decide whether there is a claim which confers federal question jurisdiction under Section 1331.[5] The existence of federal question jurisdiction is "governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 n.9 (1983) ("The well-pleaded complaint rule applies to the original jurisdiction of the district courts as well as to their removal jurisdiction."). A well-pleaded complaint presents a federal

---

[4] The removal provision in question specifically provides: "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." 28 U.S.C. § 1441(c).

[5] Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

question where it "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax*, 463 U.S. at 27-28.

Here, the claims contained in Fortuna's complaint are not created by federal law, nor do they require the resolution of a substantial question of federal law. (*See* R. 7-2, Pl.'s Compl.) Thus, his claims cannot provide the Court with federal question jurisdiction. Cross-Defendants argue, without elaboration, that the Section 1983 claims contained in Morandi's cross-complaint provide the Court with jurisdiction under Section 1331.[6] (R.1, Not. of Removal at 3-4.) The Court must therefore determine whether a federal question presented in a defendant's cross-complaint can confer federal question jurisdiction.

The Seventh Circuit has not provided an answer to this precise issue. In *Adkins v. Illinois Central Railroad Co.*, 326 F.3d 828 (7th Cir. 2003), however, it did resolve a closely related question that provides a useful starting point for the Court's analysis. In *Adkins*, the Seventh Circuit addressed whether federal jurisdiction can be created by a named defendant filing a third-party complaint against a federal instrumentality. *Id.* at 835-36. While noting that the claim would have conferred federal jurisdiction under Section 1331 had it been filed as a separate lawsuit, the court went on to conclude that a third-party complaint does not affect a court's subject matter jurisdiction over the original complaint. *Id.* In doing so, it stated that "[i]f the plaintiff's well-pleaded complaint is not based on a federal question, there is no § 1331 jurisdiction." *Id.* (citing *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826,

---

[6] The extent of Cross-Defendants' argument with respect to jurisdiction under Section 1331 reads as follows: "[I]t is clear on the face of the complaint, that Culhane, Goetz[,] and McNulty are being sued pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983, so they are thus being sued under the jurisdiction of this court." (R.1, Not. of Removal at 3-4.)

829-832 (2002) (applying the well-pleaded complaint rule and holding that a defendant's compulsory counterclaim cannot serve as the basis for "arising under" jurisdiction)). Thus, while not speaking directly to the question at hand, this language strongly suggests that any complaint aside from the plaintiff's original complaint cannot serve as the basis for jurisdiction under Section 1331.

The majority of courts have agreed that a cross-defendant may not remove an action under Section 1441(c) based on a federal claim in a cross-complaint.[7] *See, e.g., Mortgage Elec. Registration Sys., Inc. v. Rothman*, No. 04 C 5340, 2005 WL 497794, at *5 (N.D. Ill. Feb. 28, 2005) (noting that it has "been held that a cross-defendant/defendant may not remove the case based on a cross-claim brought against it by a cross-plaintiff/defendant"); *Palmer v. Univ. of Med. and Dentistry of N.J.*, 605 F. Supp. 2d 624, 632-33 (D. N.J. 2009) (applying the well-pleaded complaint rule and finding that a federal cross-claim asserting a constitutional violation did not confer subject matter jurisdiction under 28 U.S.C. § 1331); *Redevelopment Agency of San Bernardino v. Alvarez*, 288 F. Supp. 2d 1112, 1115 (C.D. Cal. 2003) ("For both removal and original jurisdiction, the federal question must be presented by the plaintiff's complaint as it stands at the time of removal. Removal, therefore, cannot be based on a counterclaim or cross-claim raising a federal question."); *Saeilo Machinery (USA), Inc. v. Hirdes Freight, Ltd.*,

---

[7] Leading treatises on federal civil procedure have also provided support for this position. *See* 14 B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3722.3, at 616 (4th ed. 2009) ("A majority of the considerable number of cases decided by the courts of appeals and the district courts also have concluded that a third-party defendant or a cross-claim defendant is not entitled to remove a case utilizing Section 1441(c)."); 16 James Wm. Moore, Federal Practice § 107.11[1][b][iii], at 107-33 to -34 (3d ed. 2008) ("[R]emoval under Section 1441(c) has been limited to removal based on claims asserted by the plaintiffs. This view comports with the firmly embedded principle to construe narrowly the right of removal.").

No. CV 00-00777, 2000 WL 1205338, at *2 (C.D. Cal. Mar. 8, 2000) (adopting the "majority view that cross-defendants are not allowed to remove a case")); *Cross v. Kaiser Found. Hosps.*, No. C 98-03141 MMC, 1998 WL 737998, at *1 (N.D. Cal. Oct. 15, 1998) (denying removal based on a federal question contained in a cross-complaint). *Cf. First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 463-65 (6th Cir. 2002) (concluding that Section 1441(c) should be interpreted narrowly "to apply only to claims joined by the plaintiff in the original state court action); *Texas v. Walker*, 142 F.3d 813, 816 n.2 (5th Cir. 1998) ("The well-pleaded complaint rule bases removal jurisdiction on the existence of a claim lying within federal jurisdiction on the face of a plaintiff's well-pleaded complaint. There has never been a suggestion that a defendant could, by asserting an artful counterclaim, render a case removable in violation of the well-pleaded complaint rule.").

Given the Seventh Circuit's opinion in *Adkins* and the weight of authority addressing this issue, the Court adopts the majority view and finds that a federal question must be contained within the four corners of the plaintiff's complaint for jurisdiction under Section 1331 to be properly conferred. Here, no such federal question is present in Fortuna's complaint. (*See* R. 7-2, Pl.'s Compl.) Further, as discussed above, the Section 1983 claim set forth in Morandi's cross-complaint cannot provide the Court with jurisdiction under Section 1331. In the absence of federal question jurisdiction, the Court finds that removal is improper under Section 1441(c). This conclusion renders any examination of Section 1441(c)'s "separate and independent" requirement unnecessary.

## CONCLUSION

For the reasons set forth above, Fortuna's motion to remand and sever (R. 7.) is GRANTED

7

in part and DENIED in part. Fortuna's motion to remand his state law claims is GRANTED; his motion to sever his claims is DENIED. The entire case is remanded to the Circuit Court of Cook County.

Entered: *[signature]*

**Judge Ruben Castillo**
**United States District Court**

**Dated:** November 12, 2009